# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

     v.

GREGG SMITH, MICHAEL NOWAK,
JEFFREY RUFFO, and CHRISTOPHER
JORDAN,

          Defendants.

No. 1:19 CR 669 (EEC)

## NON-PARTY COMMODITY FUTURES TRADING COMMISSION'S
## MOTION TO QUASH PRETRIAL RULE 17 SUBPOENA *DUCES TECUM*

Melissa Chiang
*Assistant General Counsel*

Robert Schwartz
*Deputy General Counsel*

Daniel Davis
*General Counsel*

Office of General Counsel
Commodity Futures Trading Commission
1155 21st Street, N.W., Washington, D.C. 20581
mchiang@cftc.gov; ogcecf@cftc.gov
(202) 418-5578

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

    1.   The General Course of CFTC Investigations .................................................... 1

    2.   Hendrik Bessembinder's Involvement in the CFTC's Investigation ................................. 2

    3.   Procedural Posture and Subpoena ..................................................................... 3

    4.   Description of Responsive Documents .............................................................. 4

SUMMARY OF ARGUMENT .................................................................................................. 5

ARGUMENT ............................................................................................................................ 6

    I.   The Subpoena Should Be Quashed Because It Seeks Irrelevant Documents That Would Confuse the Issues and Mislead the Jury. ................................................... 6

    II.   The Subpoena Should Be Quashed Because It Calls for Inadmissible Hearsay. ............. 8

    III.   The Documents Are Privileged. ........................................................................ 9

        A.  The Documents Are Protected by the Deliberative Process Privilege. ...................... 9

        B.  The Attorney Work Product Doctrine Protects the Documents at Issue. ............... 14

        C.  The Attorney-Client Privilege Protects the Documents at Issue. ........................... 18

CONCLUSION ........................................................................................................................ 20

CERTIFICATE OF SERVICE

EXHIBIT A - Subpoena

EXHIBIT B - Privilege Log

EXHIBIT C - Declaration

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                          <u>Page(s)</u>

*Access Reports v. Dep't of Justice*,
  926 F.2d 1192 (D.C. Cir. 1991) ............................................................................ 10

*Appleton Papers, Inc. v. E.P.A.*,
  702 F.3d 1018 (7th Cir. 2012) ........................................................................ 15, 16

*Avery Dennison Corp. v. UCB Films PLC*,
  No. 95 C 6351, 1998 WL 703647 (N.D. Ill. Sept. 30, 1998) ................................ 19

*Beaman v. Freesmeyer*,
  776 F.3d 500 (7th Cir. 2015) ................................................................................ 14

*Beaman v. Souk*,
  7 F. Supp. 3d 805 (C.D. Ill. 2014) ........................................................................ 14

*Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*,
  709 F.2d 1109 (7th Cir. 1983) .............................................................................. 15

*Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*,
  141 F.R.D. 88 (N.D. Ill. 1992) ........................................................................ 10, 11

*Bowman Dairy Co. v. United States*,
  341 U.S. 214 (1951) ................................................................................................ 6

*Brady v. Maryland*,
  373 U.S. 83 (1963) ................................................................................................ 14

*Canadian Javelin, Ltd. v. S.E.C.*,
  501 F. Supp. 898 (D.D.C. 1980) ........................................................................... 16

*Chase v. City of Portsmouth*,
  236 F.R.D. 263 (E.D. Va. 2006) ........................................................................... 16

*Cheney v. District Court*,
  542 U.S. 367 (2004) .............................................................................................. 10

*Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*,
  No. 07 C 623, 2008 WL 3285751 (N.D. Ill. Aug. 8, 2008) .................................. 19

*Coastal States Gas Corp. v. Dep't of Energy*,
  617 F.2d 854 (D.C. Cir. 1980) ............................................................ 10

*Dept' of Interior v. Klamath Water Users Protective Ass'n*,
  532 U.S. 1 (2001) ............................................................................... 10

*Duplan Corp. v. Deering Milliken, Inc.*,
  540 F.2d 1215 (4th Cir. 1976) ........................................................... 17

*E.E.O.C. v. Cont'l Airlines, Inc.*,
  395 F. Supp. 2d 738 (N.D. Ill. 2005) ................................................. 12

*Enviro Tech Int'l, Inc. v. EPA*,
  371 F.3d 370 (7th Cir. 2004) ............................................................... 9

*Furminator, Inc. v. Kim Laube & Co.*,
  No. 4:08CV00367, 2009 WL 5176562 (E.D. Mo. Dec. 21, 2009) ......... 17

*Golden Trade, S.r.L. v. Lee Apparel Co.*,
  143 F.R.D. 514 (S.D.N.Y. 1992) ........................................................ 18

*Grand Cent. P'ship, Inc. v. Cuomo*,
  166 F.3d 473 (2d Cir. 1999) ............................................................... 10

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ........................................................................... 17

*Hollinger Int'l Inc. v. Hollinger Inc.*,
  230 F.R.D. 508 (N.D. Ill. 2005) ......................................................... 15

*In re Brand Name Prescription Drugs Antitrust Litig.*,
  No. 94 C 897, MDL 997, 1995 WL 531805 (N.D. Ill. Aug. 18, 1995) ..... 20

*In re Dayco Corp. Derivative Sec. Litig.*,
  99 F.R.D. 616 (S.D. Ohio 1983) ........................................................ 17

*In re Sealed Case*,
  121 F.3d 729 (D.C. Cir. 1997) ..................................................... 12, 13

*In re Sealed Case*,
  676 F.2d 793 (D.C. Cir. 1982) ........................................................... 12

*In re Special Sept. 1978 Grand Jury (II)*,
  640 F.2d 49 (7th Cir. 1980) ............................................................... 15

*In re Vecco Instruments, Inc. Sec. Litig.*,
No. 05 MD 1695, 2007 WL 210110 (S.D.N.Y. Jan. 25, 2007) ................................................ 16

*Ivy Sports Med., LLC v. Sebelius*,
No. 11-CV-1006, 2012 WL 5248176 (D.D.C. Oct. 24, 2012) ................................................ 12

*Jordan v. U.S. Dep't of Justice*,
591 F.2d 753 (D.C. Cir. 1978) ................................................................................................... 9

*Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*,
244 F.R.D. 412 (N.D. Ill. 2006) ............................................................................................... 19

*Marisol A. v. Giuliani*,
No. 95 CIV. 10533, 1998 WL 132810 (S.D.N.Y. Mar. 23, 1998) ........................................... 12

*Miller v. U.S. Dept. of Justice*,
562 F. Supp. 2d 82 (D.D.C. 2008) ........................................................................................... 11

*Murata Mfg. Co. v. Bel Fuse, Inc.*,
No. 03 C 2934, 2007 WL 781252 (N.D. Ill. Mar.8, 2007) ...................................................... 19

*N.L.R.B. v. Sears, Roebuck & Co.*,
421 U.S. 132 (1975) ................................................................................................................... 9

*Perez v. Mueller*,
No. 13-CV-1302, 2016 WL 6882851 (E.D. Wis. Nov. 22, 2016) ............................................ 10

*Rates Tech., Inc. v. Elcotel, Inc.*,
118 F.R.D. 133 (M.D. Fla. 1987) .............................................................................................. 19

*Robinson v. Morgan Stanley*,
No. 06 C 5158, 2010 WL 1050288 (N.D. Ill. Mar. 17, 2010) ................................................. 20

*Russell v. Dep't of the Air Force*,
682 F.2d 1045 (D.C. Cir. 1982) ................................................................................................. 9

*S.E.C. v. Sentinel Mgmt. Grp., Inc.*,
No. 07 C 4684, 2010 WL 4977220 (N.D. Ill. Dec. 2, 2010) ........................................ 10, 13, 15

*S.E.C. v. Somers*,
No. 3:11-CV-00165, 2013 WL 4045295 (W.D. Ky. Aug. 8, 2013) .......................................... 16

*SafeCard Servs., Inc. v. S.E.C.*,
926 F.2d 1197 (D.C. Cir. 1991) ................................................................................................ 15

*Santullo v. City of Woburn*,
No. 07-11478, 2008 WL 2778819 (D. Mass. July 14, 2008) ................................................... 12

*Sourgoutsis v. U.S. Capitol Police*,
323 F.R.D. 100 (D.D.C. 2017) ................................................................................................ 13

*Tigue v. U.S. Dep't of Justice*,
312 F.3d 70 (2d Cir. 2002) ..................................................................................................... 10

*United States v. Bd. of Educ. of City of Chicago*,
610 F. Supp. 695 (N.D. Ill. 1985) .......................................................................................... 19

*United States v. Brown*,
No. 95 CR. 168, 1995 WL 387698 (S.D.N.Y. June 30, 1995) ............................................ 6, 8

*United States v. Ceballo*,
No. 03 CR 283, 2003 WL 21961123 (S.D.N.Y. Aug. 18, 2003) ............................................ 8

*United States v. Cherry*,
876 F. Supp. 547 (S.D.N.Y. 1995) .......................................................................................... 6

*United States v. Cuthbertson*,
630 F.2d 139 (3d Cir. 1980) .................................................................................................... 6

*United States v. Cuthbertson*,
651 F.2d 189 (3d Cir. 1981) ............................................................................................... 8, 14

*United States v. Farley*,
11 F.3d 1385 (7th Cir. 1993) ....................................................................................... 10, 13, 14

*United States v. Klein*,
No. 16-cr-442, 2017 WL 1316999 (E.D.N.Y. Feb. 10, 2017) ............................................... 8

*United States v. Klein*,
No. 16-cr-442, 2017 WL 782326 (E.D.N.Y. Feb. 28, 2017) ................................. 6, 7, 8, 17, 18

*United States v. Kovel*,
296 F.2d 918 (2d Cir. 1961) ................................................................................................... 18

*United States v. Murray*,
297 F.2d 812 (2d Cir. 1962) .................................................................................................... 6

*United States v. Nixon*,
418 U.S. 683 (1974) ........................................................................................................... 5, 10

v

*United States v. Nobles*,
    422 U.S. 225 (1975) ......................................................................................... 15, 17

*United States v. O'Malley*,
    786 F.2d 786 (7th Cir.1986) ..................................................................................... 19

*United States v. Reyes*,
    239 F.R.D. 591 (N.D. Cal. 2006) ...................................................................... 5, 7, 8, 17

*United States v. Rich*,
    No. S 83 Cr. 579, 1984 WL 845 (S.D.N.Y. Sept.7, 1984) ........................................... 6

*United States v. White*,
    950 F.2d 426 (7th Cir. 1991) ...................................................................................... 18

*United States v. Zingsheim*,
    384 F.3d 867 (7th Cir. 2004) ...................................................................................... 10

*Zenith Elecs. Corp. v. Exzec, Inc.*,
    No. 96 C 5041, 1997 WL 798908 (N.D. Ill. Dec. 24, 1997) ...................................... 19

## Statutes

7 U.S.C. §§ 1-26 ................................................................................................................ 1
7 U.S.C. § 6c(a)(5)(C) ....................................................................................................... 3
7 U.S.C. § 9(1) ................................................................................................................... 3
7 U.S.C. § 13(a)(2) ............................................................................................................ 3
7 U.S.C. § 13a-1(a) ............................................................................................................ 2

## Rules

Fed. R. Civ. P. 26(b)(3)(A)(ii) ........................................................................................ 17
Fed. R. Crim. P. 16 ............................................................................................................ 6
Fed. R. Evid. 401(a) .......................................................................................................... 6
Fed. R. Evid. 403 ............................................................................................................... 6
Fed. R. Evid. 802 ............................................................................................................... 8
Fed. R. Evid. 803-807 ........................................................................................................ 8

## Regulations

17 C.F.R. pts. 1-190 .......................................................................................................... 1
17 C.F.R. § 180.1(a)(1) ..................................................................................................... 3
17 C.F.R. § 180.1(a)(3) ..................................................................................................... 3

## INTRODUCTION

In connection with the above-captioned criminal proceeding, the Commodity Futures Trading Commission ("CFTC" or the "Commission") received from Defendant Gregg Smith ("Smith") a subpoena *duces tecum* issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (the "Subpoena"). The CFTC is an independent federal agency charged with administering and enforcing the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-26, and regulations thereunder, 17 C.F.R. pts. 1-190. The Subpoena seeks the production of materials in the Commission's files related to an analysis by a CFTC consultant, Dr. Hendrik Bessembinder, retained by the CFTC to assist in its administrative investigation of Smith. The Commission moves to quash the Subpoena, because it fails to meet the relevance and admissibility requirements of Rule 17(c), and because all responsive documents in the Commission's possession, aside from those Smith has already obtained, are protected from disclosure by the deliberative process privilege, attorney work product doctrine, and the attorney-client privilege.

## BACKGROUND

### 1.  *The General Course of CFTC Investigations*

The Commission is composed of five Commissioners, who undertake agency action by majority vote. Among other things, this includes the decision of whether to initiate a civil enforcement action for violations of the CEA and CFTC regulations. Day to day, Commission business is done through several operating divisions. The Division of Enforcement (the "Division") investigates potential violations of the CEA or Commission regulations, and formulates recommendations to the Commission on the basis of those activities. Division staff includes attorneys, economists, and investigators. Upon a recommendation from the Division, the Commissioners vote on whether to file a civil enforcement action in federal court pursuant to

7 U.S.C. § 13a-1(a) or to initiate administrative proceedings.  If the Commission files a complaint, Division staff are responsible for litigating the case.

### 2. *Hendrik Bessembinder's Involvement in the CFTC's Investigation*

In 2017, during the CFTC's investigation into possible violations of the CEA or the Commission's regulations by Smith, but before any civil complaint was filed, the CFTC retained Dr. Hendrik Bessembinder as an expert consultant to assist the Division in its investigation.  At the direction of CFTC attorneys, Bessembinder reviewed and analyzed certain trading activity by Smith to determine whether Smith may have engaged in the illegal disruptive trading practice known as "spoofing."  Division staff also shared with Bessembinder their preliminary analysis, legal theories, and opinions.  Bessembinder's preliminary analysis indicated that some of Smith's trading activity may not appear consistent with spoofing.  Bessembinder's analysis and preliminary conclusions were conveyed to CFTC staff orally and via email.

Bessembinder's last work on this project was on February 1, 2018.  His consulting contract formally expired in September 2018 and was not renewed.  Bessembinder did not produce a written report of his conclusions.  Division staff continued their investigation and ultimately sought and received authorization to file a civil complaint against Smith and Michael Nowak ("Nowak"), which the Commission filed on September 16, 2019.

The trade data showing Smith's precious metals futures trading that was obtained by the CFTC in its investigation—including the trade data provided to Bessembinder for use in his analysis—was provided to the CFTC by CME Group ("CME") and has already been produced by the Department of Justice ("DOJ") to defendants in this case.  *See* Oct. 22, 2019 Tr., 5:22-25, ECF No. 41 ("We've also produced data from the Chicago Mercantile Exchange [CME]

covering 2008 through 2016 which includes every order placed, modified, canceled, executed during that time period.").

Before the Commission filed its complaint, the Division orally informed DOJ that Bessembinder was a former consultant for the Division of Enforcement and that his preliminary analysis indicated that some of Smith's trading activity may not appear consistent with spoofing. The Division did not identify to DOJ any information, documents, or communications related to Bessembinder's analysis—including the specific materials Bessembinder reviewed, the parameters or methods used in his analysis, the time period or contracts he analyzed, or any other information or documents related to his engagement. DOJ later informed the Division that DOJ had sent a letter to the criminal defendants informing them of DOJ's understanding about the CFTC's engagement of Bessembinder.

### 3. *Procedural Posture and Subpoena*

Smith, Nowak, and Christopher Jordan were indicted on August 22, 2019 (with a superseding indictment on November 14, 2019 adding Jeffrey Ruffo). *See* ECF Nos. 1, 52. On September 16, 2019, the same day that the initial indictment was unsealed, the Commission filed a civil injunctive action in this district against Smith and Nowak, alleging that they engaged in spoofing; used a manipulative and deceptive device, scheme, or artifice; and attempted price manipulation, in violation of CEA Sections 4c(a)(5)(C), 6(c)(1), and 9(a)(2), 7 U.S.C. §§ 6c(a)(5)(C), 9(1), 13(a)(2), and Commission Regulation 180.1(a)(1) and (3), 17 C.F.R. § 180.1(a)(1), (3). Complaint for Injunctive Relief, Civil Monetary Penalties, & Other Equitable Relief, *CFTC v. Nowak*, No. 19-cv-6163 (N.D. Ill. Sept. 16, 2019), ECF No. 1.

DOJ moved to intervene in the civil case and to stay proceedings during the pendency of the criminal case. Notification of Docket Entry, *CFTC v. Nowak*, No. 19-cv-6163 (N.D. Ill. Nov. 13, 2019), ECF No. 37. Smith and Nowak opposed the motion, which remains pending.

On December 17, 2019, Smith served the Commission with the Subpoena, which demands the following "Documents To Be Produced":

> A. All Documents that refer or relate to Dr. Hendrik Bessembinder's review of certain trading activity by Smith and/or his conclusion whether Smith's trading activity was consistent with spoofing (the "Bessembinder Report").
>
> B. All Documents and Communications that Dr. Bessembinder relied on in preparing or forming his conclusions in the Bessembinder Report.
>
> C. All Communications that refer to, relate to, or concern the Bessembinder Report, including but not limited to Communications between the CFTC and DOJ.

Subpoena at 5 (attached hereto as Exhibit A). The Subpoena sought production of the requested materials on or before January 10, 2020. Smith consented to extend the return date to February 10, 2020, with any motion to quash to be filed by January 31, 2020.

### 4. *Description of Responsive Documents*

With respect to category "A" of "Documents To Be Produced," there is no "Bessembinder Report" containing the conclusions of Bessembinder's review. With respect to category "B," the CFTC knows of no CME trade data reviewed or analyzed by Bessembinder that has not already been produced to Smith. With respect to category "C," the CFTC has identified no written communications between the CFTC and DOJ regarding Bessembinder, and no documents created by Bessembinder or discussing Bessembinder were shared with DOJ. The Commission has identified non-substantive documents that arguably could be deemed responsive to the Subpoena, such as communications about Bessembinder's contract and the scheduling of teleconferences. However, Smith's counsel has indicated that the Subpoena does not seek such documents.

4

Accordingly, the only documents responsive to the Subpoena, aside from CME trade data that has already been produced to Smith by DOJ, are: (1) emails and documents shared between Bessembinder and CFTC attorneys, economists, and investigators, (2) internal emails and chats between CFTC attorneys, economists, and investigators, and (3) internal CFTC notes relating to Bessembinder's work.[1]

## SUMMARY OF ARGUMENT

A party seeking pre-trial production of documents under Rule 17(c) must show that the materials sought are (1) relevant, (2) admissible, and (3) specifically identified. *See United States v. Nixon*, 418 U.S. 683, 700 (1974). Privileged materials need not be produced. *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006) (holding that a subpoena should be quashed if it calls for privileged matter). This Court should quash the Subpoena for the following separate and independent reasons:

(1)     All of the responsive documents are inadmissible because they are irrelevant, and any probative value they might have would be substantially outweighed by the danger that injecting Bessembinder's preliminary opinions into the trial would confuse the issues and mislead the jury;

(2)     All of the responsive documents are inadmissible because they are hearsay; and

(3)     All of the responsive documents are protected by one or more privileges, including the deliberative process privilege, work product protection, and attorney-client privilege, and none of these privileges have been waived.

---

[1] Pursuant to this Court's Case Procedures, counsel for CFTC have conferred with defense counsel regarding the CFTC's objections to the Subpoena. CFTC attorneys spoke with defense counsel by telephone on January 15 and January 17, 2020, and exchanged additional phone calls and emails. While the issues were narrowed, an agreement could not be reached. Counsel for Smith opposes this motion and intends to file a response in opposition to this motion.

## ARGUMENT

**I.     The Subpoena Should Be Quashed Because It Seeks Irrelevant Documents That Would Confuse the Issues and Mislead the Jury.**

Rule 17(c) is not a discovery device.  *See United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery.").  To treat it as such would "undercut[] the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980).  Thus, Rule 17(c) may only be used to obtain materials which would be admissible as evidence at the trial.  *See Bowman Dairy Co.*, 341 U.S. at 221; *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962); *United States v. Rich*, No. S 83 Cr. 579, 1984 WL 845, at *3 (S.D.N.Y. Sept.7, 1984) ("Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation.") (citation omitted).  A defendant propounding a Rule 17(c) subpoena "has the burden of specifically identifying the materials sought, and showing that they are relevant and admissible."  *United States v. Brown*, No. 95 CR. 168, 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995) (citations omitted).

To be admissible, an item of evidence must be relevant, meaning that it must have some "tendency to make a fact more or less probable than it would be without" it.  Fed. R. Evid. 401(a).  Relevant documents may be inadmissible in any event if any probative value they might have would be substantially outweighed by the risks of confusing the issues and misleading the jury.  *See* Fed. R. Evid. 403.  Smith's Subpoena fails on these interrelated grounds.

A recent decision of the U.S. District Court for the Eastern District of New York is instructive.  In *United States v. Klein*, No. 16-cr-442, 2017 WL 782326 (E.D.N.Y. Feb. 28, 2017), a criminal defendant served a Rule 17(c) subpoena on the Securities and Exchange

Commission ("SEC"), demanding a memorandum created in a parallel civil investigation. The document was an "SEC Action Memorandum" containing recommendations by SEC staff preceding the SEC's decision not to sue that defendant. The court quashed the subpoena, holding that even if it were assumed that the SEC's memorandum had any relevance, it was nevertheless inadmissible under Rule 403. The court found that the document would be confusing to the jury, as it would essentially ask the jury

> whether the SEC or DOJ "got it right." This would divert the jury from their proper role, which is to determine whether the government's evidence at trial proves [defendant's] guilt beyond a reasonable doubt. Further, the fact that the SEC and DOJ conducted separate investigations and made their decisions based on different bodies of evidence would heighten the jury's confusion if forced to compare the two decisions.

*Id*. at *5; *see also Reyes*, 239 F.R.D. at 600 ("[T]he second-hand reflections, findings, and conclusions" of attorneys conducting an internal investigation on behalf of defendant's former employer "would not themselves become evidence at trial to prove the truth of the matters they assert," and any "formal opinion about whether any crimes were committed would not be relevant evidence—that determination is for a jury . . . to make[.]").

Here, the responsive emails and other documents would pose problems at least as serious as those identified in *Klein*. The relevant issue in this criminal case is whether Smith engaged in the illegal trading activities as charged, and Smith has the relevant trade data. It is wholly irrelevant what Bessembinder thought when he preliminarily analyzed that data. Presenting any documents related to Bessembinder's preliminary analysis would ask the jury "to determine whether the [Commission's former consultant] or DOJ 'got it right.'" *Klein*, 2017 WL 782326, at *5. Accordingly, as in *Klein*, any probative value from introduction of documents concerning the CFTC's consultant for its investigation would be substantially outweighed by the danger of unfair prejudice and confusion.

## II.      The Subpoena Should Be Quashed Because It Calls for Inadmissible Hearsay.

A Rule 17(c) subpoena may also not be used to obtain inadmissible hearsay.  *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (materials which were hearsay on their face and therefore were not admissible as evidence at trial were not subject to Rule 17(c) subpoena).  Hearsay is inadmissible under Federal Rule of Evidence 802, unless an exception applies.  *See* Fed. R. Evid. 803-807.  In this case, all of the responsive documents are inadmissible hearsay, because all of them are out-of-court statements that could only be used to prove the truth of the matters asserted therein, and no exception applies.

Numerous courts have found that internal investigative files and the thoughts, opinions or conclusions of attorneys or investigators about the weight or value of evidence or legal theories are inadmissible hearsay.  *See Klein*, 2017 WL 782326, at *5 (finding that an SEC "Action Memorandum," recommending whether or not the SEC should bring charges is inadmissible hearsay); *United States v. Klein*, 16-cr-442, 2017 WL 1316999, at *2-8 (E.D.N.Y. Feb. 10, 2017) (finding that the SEC complaint and charging decision are inadmissible hearsay); *Reyes*, 239 F.R.D. at 600 (finding that "summaries, notes and memoranda" related to interviews, "evidence of what [counsel] told the government about these interviews," and "second-hand reflections, findings, and conclusions of investigating attorneys" constitute inadmissible hearsay); *United States v. Ceballo,* No. 03 CR 283, 2003 WL 21961123, at *2 (S.D.N.Y. Aug. 18, 2003) (quashing a Rule 17(c) subpoena seeking internal police department investigatory files because such documents are inadmissible hearsay); *Brown*, 1995 WL 387698, at *10 (NYPD interview "memoranda would, of course, be hearsay, and inadmissible as evidence at trial.") (citations omitted).

In this case, all of the documents sought by the Subpoena (except for the CME trade data which are already in Smith's possession) are hearsay.  Accordingly, the Subpoena should be

8

quashed.

### III.    The Documents Are Privileged.

The Subpoena also must be quashed because all of the responsive materials (apart from the CME data already in Smith's possession) are protected by the deliberative process privilege and work product protection, and most of the documents are protected by attorney-client privilege.[2]  A privilege log is attached hereto as Exhibit B.

### A.    The Documents Are Protected by the Deliberative Process Privilege.

The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency.  *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-52 (1975).  To qualify, an intra-agency document must be (a) predecisional (antecedent to an agency determination); and (b) deliberative (related to the process of making the determination). *Enviro Tech Int'l, Inc. v. EPA*, 371 F.3d 370, 374-75 (7th Cir. 2004).

The privilege serves three critical public purposes: (1) it protects creative debate and candid consideration of alternatives within an agency, and, thereby, improves the quality of agency policy decisions; (2) it prevents public confusion from premature disclosure of agency opinions before the agency establishes its final policy; and (3) it protects the integrity of the decision-making process itself by confirming that "officials should be judged by what they decided(,) not for matters they considered before making up their minds."  *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982) (quoting *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 772-73 (D.C. Cir. 1978)).

The document at issue need not reflect the policy of the agency itself—the personal opinions of the writer will suffice, so long as the document is predecisional and deliberative.

---

[2] As set out in the privilege log, all of the responsive documents are protected from disclosure under the deliberative process privilege and work product doctrine.  Most of the responsive documents also constitute communications subject to the attorney-client privilege.

9

*S.E.C. v. Sentinel Mgmt. Grp., Inc.*, No. 07 C 4684, 2010 WL 4977220, at *3 (N.D. Ill. Dec. 2, 2010) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)); *Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 93 (N.D. Ill. 1992); *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002); *Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1196 (D.C. Cir. 1991) (documents do not have to contribute to the ultimate conclusion in order to fall within the privilege). The privilege covers deliberations directly involving high-ranking officials, *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004) (citing *Cheney v. District Court*, 542 U.S. 367 (2004); *Nixon*, 418 U.S. 683), and also deliberations of other staff so long as the elements are satisfied, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482-83 (2d Cir. 1999).[3] It also covers documents generated by outside consultants whose records "played essentially the same part in an agency's process of deliberation as documents prepared by agency personnel might have done." *Dept' of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10 (2001); *see also Perez v. Mueller*, No. 13-CV-1302, 2016 WL 6882851, at *4 (E.D. Wis. Nov. 22, 2016).

In this case, the documents sought by the Subpoena are protected from disclosure by the deliberative process privilege because they preceded and concern the CFTC's decision whether or not to charge Smith and others with CEA violations. Documents about whether to undertake a law-enforcement action or to sue are quintessentially protected deliberative materials. *Sentinel Mgmt.*, 2010 WL 4977220, at *5; *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993)

---

[3] "To make a threshold showing that the deliberative process privilege applies, the government must satisfy three procedural requirements: (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the matter; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents." *Sentinel Mgmt.*, 2010 WL 4977220, at *4 (citation omitted). In this case, all of the documents over which privilege is claimed are described in the privilege log (Exhibit B). In addition, a declaration from the Director of Enforcement, James McDonald, is appended to this motion as Exhibit C.

(holding that internal memorandum among FTC staff regarding whether Farley violated FTC regulations, as well as a referral memorandum from FTC staff to the Department of Justice regarding possible criminal prosecution of the same conduct, were all covered by the deliberative process privilege); *Miller v. U.S. Dept. of Justice*, 562 F. Supp. 2d 82, 113 (D.D.C. 2008) (ruling that discussions among FBI officials and other law enforcement and prosecutorial officials regarding the "caliber of evidence possessed against [the] plaintiff and others, the proper jurisdictions and venues in which to bring possible legal actions against plaintiff and others, the type and nature of charges that could be brought, and the possible repercussions of such actions[,]" were covered by the deliberative process privilege). And "in the vast majority of cases," an agency's internal discussions about litigation are "protected by the privilege." *Bobkoski*, 141 F.R.D. at 93.

As part of this Commission's investigation, the Division hired Bessembinder to assist staff in analyzing trade data so that the Division could make a recommendation to the Commission regarding whether to initiate an enforcement action. As part of this process, Bessembinder analyzed CME trade data and communicated about his analysis with CFTC attorneys, economists, and investigators. This work was part of the process by which Division staff ultimately made a determination whether to recommend an enforcement action to the Commission. These are exactly the sorts of documents the deliberative process privilege is designed to protect. It is critical that Division staff be able to communicate fully and frankly, including with outside consultants, to ensure that the Commission makes informed decisions about whether to bring a given enforcement action, and that every such action is based on legal and economic analysis that has been thoroughly vetted at the staff level. Accordingly, these documents should be protected from disclosure, and the Subpoena quashed.

11

Although the Commission anticipates that Smith will argue that the deliberative process privilege has been waived due to the communication between the Division and DOJ regarding Bessembinder, such a general reference to the engagement of a consultant or to his preliminary conclusions is insufficient to waive the privilege. In general, courts take an exceedingly narrow view of waiver of the deliberative process privilege. Unlike other privileges, where voluntary disclosure of privileged material can waive privilege "not only as to the specific communication" but also other communications relating to the same subject, *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982), with respect to the deliberative process privilege "courts have said that release of a document only waives these privileges for the document or information specifically released, and not for related materials." *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (citations omitted); *Marisol A. v. Giuliani*, No. 95 CIV. 10533, 1998 WL 132810, at *8 (S.D.N.Y. Mar. 23, 1998) (same); *Ivy Sports Med., LLC v. Sebelius*, No. 11-CV-1006, 2012 WL 5248176, at *2 (D.D.C. Oct. 24, 2012); *Santullo v. City of Woburn*, No. 07-11478, 2008 WL 2778819, at *2 (D. Mass. July 14, 2008). This limited approach to waiver is designed "to ensure that agencies do not forego voluntarily disclosing some privileged material out of the fear that by doing so they are exposing other, more sensitive documents." *In re Sealed Case*, 121 F.3d at 741 (citations omitted).

In this case, the fact that the Division informed DOJ about Bessembinder's preliminary analysis does not waive privilege. At most, privilege over the information actually shared with DOJ has been waived, and DOJ has already shared the substance of that information with Smith. Since none of the specific content of the communications and no specific documents relied upon by Bessembinder were ever shared with or identified to DOJ, there is no waiver of the privilege with respect to any specific documents or communications. *See E.E.O.C. v. Cont'l Airlines, Inc.*,

395 F. Supp. 2d 738, 743 (N.D. Ill. 2005) (finding no waiver of the deliberative process privilege where agency had not identified specific facts or commentary included in the privileged materials, allowed any private parties to view privileged documents, or selectively disseminated substantive information from the documents to advance the agency's case).

Finally, Smith cannot make a showing of particularized need for the documents sought by the Subpoena. The deliberative process privilege may be overcome where the party seeking documents establishes that he has a particularized need for the documents and that this need outweighs the government's interest in confidentiality. *Sentinel Mgmt.*, 2010 WL 4977220, at *4 (citing *Farley*, 11 F.3d at 1389). This determination is to be made flexibly on a case-by-case basis, and district courts can take into account factors such as the "relevance of the evidence, the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees." *In re Sealed Case*, 121 F.3d at 737-38 (internal quotation marks and citation omitted).

Relevance alone is insufficient to establish particularized need. *Farley*, 11 F.3d at 1390. Indeed, courts rarely find a showing of particularized need, since there is a significant public interest in allowing agency employees to develop policy recommendations without being inhibited by the risk that their preliminary thoughts will be publicly disclosed. *See Sourgoutsis v. U.S. Capitol Police*, 323 F.R.D. 100, 111 (D.D.C. 2017) (finding the plaintiff's desire to obtain drafts of disciplinary policies does not outweigh the public interest in protecting them from disclosure).

Smith cannot articulate a particularized need that outweighs the CFTC's interest in keeping the documents confidential. As part of the investigative team, Bessembinder's analysis is inextricably linked with the analysis of the CFTC's own economists, investigators, and

attorneys. All of Bessembinder's work was done at the direction of CFTC attorneys, and the discussions of such work necessarily reveal the thoughts and opinions of CFTC attorneys, economists, and investigators. As such, the CFTC has a strong interest in maintaining the confidentiality of its investigation. Disclosure of these privileged materials would almost certainly chill candid discussions in future investigations and deliberations, and harm the Commission's deliberations and decision-making going forward.

On the other hand, Smith cannot demonstrate any need for the documents sought, much less particularized need that outweighs the CFTC's interest in confidentiality. As discussed above, the documents sought are inadmissible at trial. Smith is capable of hiring his own experts to analyze the trade data in an attempt to persuade the jury that Smith's trading was incompatible with spoofing. In short, there is no reason Smith should have access to these documents, other than his desire to fish for information. Such a generalized need for documents is insufficient to overcome the deliberative process privilege. *See Farley*, 11 F.3d at 1390.[4]

### B. The Attorney Work Product Doctrine Protects the Documents at Issue.

The responsive materials are also protected work product, because they were generated by or at the direction of Division attorneys in anticipation of potential litigation against Smith or others.[5]

---

[4] To the extent that Smith intends to assert that a CFTC consultant's preliminary analysis of evidence already in the possession of the defense might, under *Brady v. Maryland*, 373 U.S. 83 (1963), be discoverable from DOJ, *but see Beaman v. Souk*, 7 F. Supp. 3d 805, 822-23 (C.D. Ill. 2014), *aff'd sub nom. Beaman v. Freesmeyer*, 776 F.3d 500 (7th Cir. 2015) (so long as the *facts* underlying an investigator's opinions are disclosed, documents reflecting the investigator's opinions are not *Brady* material), a Rule 17(c) subpoena would not be the proper way to obtain them. *See, e.g.*, *Cuthbertson*, 651 F.2d at 195 (even "naked exculpatory material held by third parties that does not rise to the dignity of admissible evidence simply is not within [Rule 17]").

[5] While CME trade data is not itself privileged, Smith seeks documents that would reveal the specific subset of data selected by Division staff for Bessembinder to analyze, and such documents are privileged.

"The work product doctrine encompasses documents prepared in anticipation of litigation by a party's representative or agent." *Hollinger Int'l Inc. v. Hollinger Inc*., 230 F.R.D. 508, 511 (N.D. Ill. 2005) (citations omitted). The work product doctrine is "is distinct from and broader than the attorney-client privilege." *Appleton Papers, Inc. v. E.P.A*., 702 F.3d 1018, 1024 (7th Cir. 2012) (citing *United States v. Nobles*, 422 U.S. 225, 238 n.11 (1975)). Although only communications are protected by the attorney-client privilege, the work product doctrine may encompass any document prepared in anticipation of litigation by or for the attorney. *In re Special Sept. 1978 Grand Jury (II)*, 640 F.2d 49, 62 (7th Cir. 1980). Work product immunity furthers the client's interest in obtaining complete legal advice and creates "a protected area in which the lawyer can prepare his case free from adversarial scrutiny." *Id*. "It advances the adversarial system by providing incentives to collect information and thoroughly prepare for litigation." *Appleton Papers, Inc*., 702 F.3d at 1024-25.

"The test for determining whether materials were prepared in anticipation of litigation is 'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Hollinger Int'l*, 230 F.R.D. at 512 (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)).

The doctrine plainly protects documents prepared by or on behalf of Commission attorneys considering whether to recommend an enforcement action. *See SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1203 (D.C. Cir. 1991) (holding that "where an attorney prepares a document in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party, it has litigation sufficiently 'in mind' for that document to qualify as attorney work product"); *Sentinel Mgmt.*, 2010 WL 4977220, at *7 ("Materials

15

prepared by SEC attorneys in anticipation of litigation that disclose what they learned during witness interviews undoubtedly constitute attorney work product."); *S.E.C. v. Somers*, No. 3:11-CV-00165, 2013 WL 4045295, at *2 (W.D. Ky. Aug. 8, 2013) (holding that the work product doctrine protects "internal reports, emails and memoranda concerning" an SEC action memorandum, as those documents "memorialize[] the opinions of SEC attorneys about the viability and wisdom of bringing a particular action against a defendant"); *Canadian Javelin, Ltd. v. S.E.C.*, 501 F. Supp. 898, 902 (D.D.C. 1980) (holding that "since investigations by the SEC are conducted with an eye towards litigation," the work product doctrine protects "documents prepared by SEC attorneys or professionals working under attorney supervision").

In this case, the documents sought by Smith fall squarely within the attorney work product doctrine: they are created by Division attorneys, and by Division staff and a consultant working at the direction of Division attorneys, in connection with a specific investigation in anticipation of litigation, that memorialize the mental impressions and opinions of Division staff and their agents.

Nor has the limited communication to DOJ referring to Bessembinder's preliminary analysis waived work product protection. Unlike attorney-client communications, "disclosure of some documents does not necessarily destroy work-product protection for other documents of the same character." *Appleton Papers, Inc.*, 702 F.3d at 1025 (citations omitted). Merely summarizing findings or conclusions, without quoting, paraphrasing, or referencing the specific documents at issue does not result in waiver. *In re Vecco Instruments, Inc. Sec. Litig.*, No. 05 MD 1695, 2007 WL 210110, at *2 (S.D.N.Y. Jan. 25, 2007); *Chase v. City of Portsmouth*, 236 F.R.D. 263, 269 (E.D. Va. 2006) (citations omitted) (limited disclosure to third parties is insufficient to waive the work product privilege; in order to waive work product protection, the

16

party must produce complete documents); *Furminator, Inc. v. Kim Laube & Co.*, No. 4:08CV00367, 2009 WL 5176562, at \*2 (E.D. Mo. Dec. 21, 2009) (disclosing a general summary of a legal opinion does not amount to waiver of privilege); *In re Dayco Corp. Derivative Sec. Litig.*, 99 F.R.D. 616, 619 (S.D. Ohio 1983) (finding no waiver of work product protection where a press release disclosed findings of an internal investigation but did not summarize evidence). In this case, because none of the contents of the documents was ever disclosed, work product privilege has not been waived.

Furthermore, while attorney work product protection may be waived "when an attorney attempts to use the work product as testimony or evidence, or reveals it to an adversary to gain an advantage in litigation," *Reyes*, 239 F.R.D. at 598 (citing *Nobles*, 422 U.S. at 239-40), in this case, the documents were never used as testimony or evidence, nor did the CFTC ever reveal the contents of such documents to gain an advantage in litigation. *See also Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1223 (4th Cir. 1976) (partial disclosure does not waive work product privilege where there is no testimonial use of such work product). Indeed, the contents of the specific documents and communications were never revealed at all.

In addition, Smith cannot demonstrate substantial need for the documents to overcome the work product doctrine. It is hornbook law that the attempt to obtain attorney work product without a showing of necessity or justification is not permitted. *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947). "When considering whether to override work product protection, a court must determine whether the party requesting disclosure 'shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Klein*, 2017 WL 782326, at \*4 (quoting Fed. R. Civ. P. 26(b)(3)(A)(ii)).

In this case, since Smith already possesses all of the CME trade data that Bessembinder and the rest of the CFTC investigation team had, there is no reason Smith's own attorneys, or an outside expert hired by them, could not analyze the same data. *See supra* p. 17. Accordingly, Smith cannot demonstrate that he is unable to prepare his case without the subpoenaed documents without undue hardship, and therefore cannot demonstrate substantial need to overcome the work product protection. *See Klein*, 2017 WL 782326, at *5 (finding that the criminal defendant did not demonstrate substantial need based on his belief that an SEC memo in the parallel civil case contained "exculpatory factual findings," in light of the disclosures already made to defendants, and in light of the fact that in camera review of the documents did not reveal "probative, exculpatory factual findings" the defendant was hoping to unearth).

### C. The Attorney-Client Privilege Protects the Documents at Issue.

Most of the documents responsive to the Subpoena are also protected by the attorney-client privilege, which provides that

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) (citation omitted). In general, communications among a consultant, attorney, and client are protected from disclosure by attorney-client privilege, so long as the consultant's communications made are on behalf of the client to obtain legal advice. *See, e.g.*, *United States v. Kovel*, 296 F.2d 918, 921-22 (2d Cir. 1961); *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 518 (S.D.N.Y. 1992) ("[I]f the purpose of the communication is to facilitate the rendering of legal services by the attorney, the privilege may also cover communications between . . . the attorney and his representative.").

18

Where counsel engage an outside consultant for, *e.g.*, his or her "expertise in sophisticated quantitative analyses," for counsel's use in providing legal advice to a client, communications between counsel and that consultant are protected by the attorney-client privilege. *Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, 244 F.R.D. 412, 417, 420 (N.D. Ill. 2006). Unlike the deliberative process privilege and work product doctrine, the attorney-client privilege is absolute, and cannot be overcome by a showing of need or balancing of interests. *United States v. Bd. of Educ. of City of Chicago*, 610 F. Supp. 695, 701 (N.D. Ill. 1985). Because the communications of Division staff internally and with Bessembinder concerning his analysis were made in confidence for the purpose of assisting Division attorneys in providing legal advice to the Commission, such communications are protected by attorney-client privilege.

Finally, there has been no waiver of the attorney-client privilege. "[A] client does not waive his attorney-client privilege merely by disclosing a subject which he has discussed with his attorney." *Lawrence E. Jaffe Pension Plan,* 244 F.R.D. at 425 (citing *United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir.1986); *Avery Dennison Corp. v. UCB Films PLC*, No. 95 C 6351, 1998 WL 703647, at *4 (N.D. Ill. Sept. 30, 1998)). Merely referring to the nature of a communication does not amount to a revelation of the protected information that waives the attorney-client privilege or the work product doctrine. *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 C 623, 2008 WL 3285751, at *4 (N.D. Ill. Aug. 8, 2008) (citations omitted); *Murata Mfg. Co. v. Bel Fuse, Inc*., No. 03 C 2934, 2007 WL 781252, at *3 (N.D. Ill. Mar.8, 2007); *Zenith Elecs. Corp. v. Exzec, Inc*., No. 96 C 5041, 1997 WL 798908, at *4 (N.D. Ill. Dec. 24, 1997) ("[M]ere restatements of an attorney's conclusion do not disclose a particular attorney-client communication and therefore does not constitute a waiver."); *Rates Tech., Inc. v. Elcotel, Inc.*, 118 F.R.D. 133, 134-35 (M.D. Fla. 1987) (same).

When a disclosure of privileged information does not "reveal the substance of the underlying communications or analysis," the privilege remains intact. *Robinson v. Morgan Stanley*, No. 06 C 5158, 2010 WL 1050288, at *4 (N.D. Ill. Mar. 17, 2010) (holding there was no waiver because defendant merely disclosed "the fact that defendants conducted an investigation overseen by counsel and that counsel's conclusion was that [plaintiff's] charges were unfounded"); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, MDL 997, 1995 WL 531805, at *2 (N.D. Ill. Aug. 18, 1995) (no waiver where disclosures revealed "nothing substantive about attorney-client communications, other than counsel's direction to comply with the law generally").

Here, the Commission's disclosure to the DOJ about Bessembinder was nonspecific and did not reveal the substance of any underlying communications or analysis. Accordingly, the Commission did not waive the attorney-client privilege.

## <u>CONCLUSION</u>

All of the documents sought by Smith's subpoena are protected from disclosure by the deliberative process privilege and attorney work product doctrine, and most of the documents are also protected by attorney-client privilege. Each of these privileges operates as an independent reason for quashing the Subpoena. Moreover, even if each of the privileges is found to be inapplicable or waived, Smith cannot demonstrate the relevance or admissibility of the responsive documents, both of which are necessary in connection with a Rule 17(c) subpoena. Therefore, the Subpoena should be quashed in its entirety.

Dated: January 31, 2020                    Respectfully submitted,

/s/ *Melissa Chiang*
Melissa Chiang
*Assistant General Counsel*

Robert Schwartz
*Deputy General Counsel*

Daniel Davis
*General Counsel*

Office of General Counsel
Commodity Futures Trading Commission
1155 21st Street, N.W., Washington, D.C. 20581
mchiang@cftc.gov; ogcecf@cftc.gov
(202) 418-5578

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2020, I caused a copy of the foregoing MOTION TO

QUASH to be filed with the Clerk of the Court through the CM/ECF system, which will provide

notice of the filing to all counsel of record.

<u>/s/ *Melissa Chiang*</u>
Melissa Chiang
*Counsel for Commodity Futures Trading*
*Commission*

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT

## for the

### Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Gregg Smith, Michael Nowak, Jeffrey Ruffo, and | ) | Case No. 19-CR-0669 (EEC) |
| Christopher Jordan | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Commodity Futures Trading Commission
c/o Chris Kirkpatrick
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

        **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Everett M. Dirksen U.S. Courthouse 219 South Dearborn Street Chicago, IL 60604 | Courtroom No.: | Courtroom 2119 |
|---|---|---|---|
| | | Date and Time: | 03/03/2020 10:00 am |

        You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

### SEE RIDER A

Personal appearance is not required if the materials described in Rider A are produced on or before January 10, 2020 to: Sean S. Buckley, Kobre & Kim LLP, 800 Third Avenue, New York, New York 10022, sean.buckley@kobrekim.com, tel: (212) 488-1253. Please produce electronic documents, electronic data, or other electronically stored information in native format with applicable metadata.

*(SEAL)*

Date: DEC 17 2019

                                        CLERK OF COURT

                                        _____
                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Gregg Smith
_____ , who requests this subpoena, are:

KOBRE & KIM LLP

Jonathan D. Cogan, Esq.
Sean S. Buckley, Esq.
Matthew I. Menchel, Esq.
111 West Jackson Blvd., 17th Floor, Chicago, IL 60604
(312)429-5100
Jonathan.Cogan@kobrekim.com
Counsel for Defendant Gregg Smith

A-1

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   19-CR-0669 (EEC)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

A-2

## RIDER A

**Definitions**

1. "Smith" refers to Defendant Gregg Smith.

2. "CFTC" means and includes the Commodity Futures Trading Commission and all of its employees, consultants, offices, departments, divisions, and branches located in the United States or elsewhere.

3. "DOJ" means and includes the Department of Justice and all of its employees, consultants, offices, departments, divisions, and branches located in the United States or elsewhere.

4. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communication, includes any Document evidencing such oral communication. It includes the transmittal of information by any means, including email, SMS, MMS, or other "text" messages, messages on "social networking" sites (including but not limited to, Facebook, WhatsApp, MySpace, Instagram, and Twitter), shared applications from cell phones, or by any other means. "Communication" shall also include, without limitation, all originals and copies that are provided by you or to you by others.

5. "Document(s)" or "Electronically Stored Information" means any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained directly, or, if necessary, after translation by the responding party into a reasonably usable form."

6. "Relating to," "Referring to," or "Concerning," when referring to any given subject matter, is given the broadest meaning, including any Document that constitutes, comprises,

A-3

involves, contains, embodies, reflects, identifies, states, mentions, alludes to, or refers directly or indirectly to the particular subject matter identified.

7. The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to maximize the scope of these Requests and bring within them any information that might otherwise be construed as falling outside the scope of these Requests.

8. Words used in the singular shall be deemed to include the plural, and words used in the plural shall be deemed to include the singular.

## Instructions

1. In addition to the requirements set forth in the Federal Rules of Criminal Procedure and the Local Rules of the United States District Court for the Northern District of Illinois, which are incorporated herein by reference, the following instructions apply to each Request.

2. Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals. Computer files and similar electronic records should be produced in a readable form.

3. Produce password-protected Documents with any applicable passwords.

4. If a Document once existed and has been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

5. If you redact any portion of a Document, please stamp the word "REDACTED" on each portion or portions of the page of the Document that contains redactions.

6. If you redact a Document on a basis other than privilege, please provide the reason for the redaction in sufficient detail to allow us to assess the validity of the claim for redaction.

7. If you withhold a Communication on the basis of privilege, please provide a log that sufficiently describes the Communication that is being withheld and includes, but is not limited to, the date of the Communication, the person(s) that sent, received, and were copied on the Communication, the subject matter of the Communication, and the nature of the privilege being asserted.

**Documents To Be Produced**

A. All Documents that refer or relate to Dr. Hendrik Bessembinder's review of certain trading activity by Smith and/or his conclusion as to whether Smith's trading activity was consistent with spoofing (the "Bessembinder Report").

B. All Documents and Communications that Dr. Bessembinder relied on in preparing or forming his conclusions in the Bessembinder Report.

C. All Communications that refer to, relate to, or concern the Bessembinder Report, including but not limited to Communications between the CFTC and DOJ.

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 1 | Email | | 1/25/18 | †Marquardt, Patrick | Bessembinder, Hendrik; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC Division of Enforcement ("DOE") investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 2 | Email | | 1/19/18 | Bessembinder, Hendrik | †Marquardt, Patrick; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 3 | Email attachment | 2 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 4 | Email attachment | 2 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 5 | Email attachment | 2 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 6 | Email attachment | 2 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 7 | Email attachment | 2 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 8 | Email | | 1/19/18 | †Marquardt, Patrick | Bessembinder, Hendrik; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 9 | Email | | 1/18/18 | Bessembinder, Hendrik | *Ringer, Steven; *Picard, Mark; †Kokal, Trevor; †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

All individuals identified in log are CFTC employees except Hendrik Bessembinder

† CFTC DOE economist/investigator

* CFTC DOE attorney

B-1

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 10 | Email attachment | 9 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 11 | Email | | 1/18/18 | Bessembinder, Hendrik | *Ringer, Steven | †Kokal, Trevor; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 12 | Email | | 1/18/18 | *Ringer, Steven | Bessembinder, Hendrik | †Kokal, Trevor; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 13 | Email | | 1/18/18 | †Marquardt, Patrick | *Ringer, Steven; Bessembinder, Hendrik; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 14 | Email | | 1/18/18 | Bessembinder, Hendrik | *Picard, Mark; †Kokal, Trevor; *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 15 | Email | | 1/18/18 | *Ringer, Steven | Bessembinder, Hendrik; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 16 | Email | | 1/4/18 | Bessembinder, Hendrik | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor; †Marquardt, Patrick | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 17 | Email attachment | 16 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 18 | Email | | 1/26/18 | Bessembinder, Hendrik | †Marquardt, Patrick; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-2

PRIVILEGE LOG

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 19 | Email attachment | 18 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 20 | Email | | 1/26/18 | Bessembinder, Hendrik | †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 21 | Email | | 1/25/18 | Bessembinder, Hendrik | †Marquardt, Patrick; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 22 | Email | | 1/25/18 | Bessembinder, Hendrik | †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 23 | Email | | 1/25/18 | Bessembinder, Hendrik | †Marquardt, Patrick; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 24 | Email | | 12/14/17 | Bessembinder, Hendrik | †Marquardt, Patrick | *Ringer, Steven; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 25 | Email attachment | 24 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 26 | Email | | 1/26/18 | †Marquardt, Patrick | Bessembinder, Hendrik; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 27 | Email | | 1/25/18 | †Marquardt, Patrick | Bessembinder, Hendrik; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-3

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 28 | Email | | 1/26/18 | †Marquardt, Patrick | Bessembinder, Hendrik; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of Commission providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 29 | Email | | 10/16/17 | Bessembinder, Hendrik | Ho, William | *Ringer, Steven; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 30 | Email | | 1/17/18 | Bessembinder, Hendrik | *Ringer, Steven; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 31 | Email | | 10/16/17 | Ho, William | Bessembinder, Hendrik | *Ringer, Steven; *Picard, Mark | Confidential communication providing FTP access to trade data selected at the direction of counsel in connection with CFTC DOE review of trading activity concerning review of trading activity in connection with CFTC DOE investigation | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 32 | Email | | 12/15/17 | Ho, William | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 33 | Email attachment | 32 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 34 | Email | | 10/16/17 | Ho, William | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 35 | Edoc shared via Webex | | 10/5/17 | †Marquardt, Patrick | Bessembinder, Hendrik; *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-4

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 36 | Email | | 1/17/18 | †Marquardt, Patrick | *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 37 | Email | | 7/13/17 | *Picard, Mark | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 38 | Email attachment | 37 | | | | | Draft statement of work for prospective consultant in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 39 | Edoc | | 6/21/19 | | | | Log prepared at the direction of counsel reflecting trade data provided to consultant in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 40 | Edoc | | 3/14/18 | †Marquardt, Patrick | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 41 | Edoc | | 10/16/17 | | | | Trade data selected at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 42 | IM | | 1/25/19 | †Grimm, Jordon | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 43 | IM | | 12/8/17 | †Marquardt, Patrick | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 44 | IM | | 2/1/18 | †Marquardt, Patrick | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-5

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 45 | IM | | 1/19/18 | †Marquardt, Patrick | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 46 | IM | | 3/26/18 | †Marquardt, Patrick | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 47 | IM | | 1/24/19 | †Marquardt, Patrick | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 48 | IM | | 1/24/19 | †Marquardt, Patrick | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 49 | IM | | 1/25/19 | †Grimm, Jordon | †Marquardt, Patrick; †Grimm, Jordon | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 50 | Email | | 3/28/19 | †Marquardt, Patrick | *Newman, David | †Grimm, Jordon | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 51 | Email | | 5/29/18 | *Ringer, Steven | †Grimm, Jordon; †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 52 | Email attachment | 51 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 53 | Email | | 3/28/19 | †Marquardt, Patrick | *Newman, David | †Grimm, Jordon | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-6

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 54 | Email | | 3/28/19 | *Newman, David | †Marquardt, Patrick | †Grimm, Jordon | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 55 | Email | | 1/24/19 | *Ringer, Steven | *Newman, David; *Sultan, Manal | *Picard, Mark; †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 56 | Email | | 1/24/19 | *Newman, David | *Ringer, Steven; *Sultan, Manal | *Picard, Mark; †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 57 | Email | | 1/24/19 | *Ringer, Steven | *Newman, David; *Sultan, Manal | *Picard, Mark; †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 58 | Email | | 5/29/18 | *Ringer, Steven | †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 59 | Email | | 5/22/18 | *Ringer, Steven | †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 60 | Email | | 3/28/18 | *Picard, Mark | *Ringer, Steven | †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 61 | Email | | 3/28/18 | *Ringer, Steven | *Picard, Mark | †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-7

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 62 | Email | | 3/15/18 | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 63 | Email | | 10/4/17 | †Marquardt, Patrick | *Picard, Mark; *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 64 | Email attachment | 63 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 65 | Email | | 3/15/18 | *Picard, Mark | *Ringer, Steven;†Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 66 | Email attachment | 65 | | | | | Draft document prepared by counsel in connection with CFTC DOE investigation, unrelated to review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 67 | Email attachment | 65 | | | | | Draft document prepared by counsel in connection with CFTC DOE investigation, unrelated to review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 68 | Email | | 3/15/18 | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 69 | Email | | 2/1/18 | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 70 | Email | | 1/31/18 | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-8

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 71 | Email | | 1/31/18 | *Picard, Mark | *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 72 | Email | | 2/1/18 | *Picard, Mark | *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 73 | Email | | 3/15/18 | *Picard, Mark | *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 74 | Email attachment | 73 | | | | | Draft document prepared by counsel in connection with CFTC DOE investigation, unrelated to review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 75 | Email attachment | 73 | | | | | Draft document prepared by counsel in connection with CFTC DOE investigation, unrelated to review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 76 | Email | | 1/18/18 | *Ringer, Steven | †Marquardt, Patrick; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 77 | Email | | 1/18/18 | *Ringer, Steven | †Marquardt, Patrick; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 78 | Email | | 1/3/18 | *Ringer, Steven | †Marquardt, Patrick | †Kokal, Trevor; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 79 | Email | | 10/10/17 | *Ringer, Steven | †Kokal, Trevor; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-9

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 80 | Email | | 10/10/17 | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 81 | Email | | 10/3/17 | *Picard, Mark | †Marquardt, Patrick; *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 82 | Email attachment | 81 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 83 | Email | | 3/15/18 | †Kokal, Trevor | *Ringer, Steven; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 84 | Email | | 10/10/17 | †Kokal, Trevor | *Ringer, Steven; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 85 | Email | | 5/22/18 | †Kokal, Trevor | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 86 | Email attachment | 85 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 87 | Email | | 1/9/18 | *Ringer, Steven | †Marquardt, Patrick; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 88 | Email | | 1/18/18 | *Ringer, Steven | †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

PRIVILEGE LOG

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 89 | Email | | 10/16/17 | *Ringer, Steven | Ho, William; †Marquardt, Patrick | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 90 | Email | | 10/16/17 | *Ringer, Steven | Ho, William | †Marquardt, Patrick; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 91 | Email | | 10/16/17 | *Ringer, Steven | Ho, William | †Marquardt, Patrick; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 92 | Email | | 10/10/17 | †Marquardt, Patrick | *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 93 | Email | | 10/4/17 | †Marquardt, Patrick | *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 94 | Email | | 4/26/18 | *Picard, Mark | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 95 | Email | | 3/28/18 | *Picard, Mark | *Ringer, Steven | †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 96 | Email | | 10/16/17 | †Marquardt, Patrick | *Ringer, Steven; Ho, William | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 97 | Email attachment | 96 | | | | | Trade data selected at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-11

PRIVILEGE LOG

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 98 | Email | | 5/22/18 | *Ringer, Steven | *Ringer, Steven | | Analysis prepared by counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 99 | Email | | 1/19/18 | †Marquardt, Patrick | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 100 | Email | | 1/19/18 | †Marquardt, Patrick | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 101 | Email | | 1/18/18 | †Marquardt, Patrick | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 102 | Email | | 1/18/18 | †Marquardt, Patrick | *Ringer, Steven; *Picard, Mark; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 103 | Email | | 1/17/18 | *Picard, Mark | *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 104 | Email | | 1/9/18 | †Marquardt, Patrick | *Ringer, Steven; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 105 | Email | | 1/9/18 | *Picard, Mark | *Ringer, Steven; †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 106 | Email | | 12/15/17 | Ho, William | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-12

PRIVILEGE LOG

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 107 | Email attachment | 106 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 108 | Email | | 11/29/17 | *Ringer, Steven | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 109 | Email | | 11/29/17 | *Picard, Mark | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 110 | Email | | 11/29/17 | *Picard, Mark | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 111 | Email | | 10/16/17 | Ho, William | †Marquardt, Patrick; *Ringer, Steven | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 112 | Email | | 10/16/17 | Ho, William | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 113 | Email | | 10/16/17 | Ho, William | †Marquardt, Patrick; *Ringer, Steven | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 114 | Email | | 10/16/17 | †Marquardt, Patrick | Ho, William; *Ringer, Steven | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 115 | Email | | 10/16/17 | Ho, William | *Ringer, Steven | †Marquardt, Patrick; *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-13

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 116 | Email | | 10/10/17 | *Picard, Mark | †Marquardt, Patrick; *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 117 | Email | | 10/10/17 | *Picard, Mark | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 118 | Email | | 10/10/17 | †Marquardt, Patrick | *Ringer, Steven; *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 119 | Email | | 10/16/17 | †Marquardt, Patrick | *Ringer, Steven | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 120 | Email | | 5/14/18 | *Ringer, Steven | *Sultan, Manal; *Hickson, Lenel | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 121 | Email | | 3/27/18 | *Ringer, Steven | *Sultan, Manal; *Hickson, Lenel | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 122 | Email | | 3/14/18 | *Ringer, Steven | *Sultan, Manal; *Hickson, Lenel | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 123 | Email | | 5/29/18 | *Ringer, Steven | *Sultan, Manal; *Hickson, Lenel | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-14

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 124 | Email | | 1/19/18 | *Ringer, Steven | †Marquardt, Patrick | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 125 | Email | | 12/14/17 | *Ringer, Steven | Ho, William | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 126 | Email attachment | 125 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 127 | Email | | 11/29/17 | *Ringer, Steven | *Picard, Mark | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 128 | Email | | 10/16/17 | *Ringer, Steven | Ho, William; †Marquardt, Patrick | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 129 | Email | | 5/15/18 | *McDonald, James | *Chopra, Neel | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 130 | Email | | 5/15/18 | *Chopra, Neel | *McDonald, James | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 131 | Edoc | | 1/4/18 | Bessembinder, Hendrik | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 132 | Edoc | | 1/18/18 | Bessembinder, Hendrik | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |

B-15

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 133 | Email | | 6/21/18 | *Picard, Mark | †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 134 | Email attachment | 133 | 5/30/18 | †Kokal, Trevor | *Ringer, Steven | *Picard, Mark | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 135 | Email attachment | 134 | 5/30/18 | †Marquardt, Patrick | *Chopra, Neel; *Sultan, Manal; *Hickson, Lenel; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 136 | Email attachment | 135 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 137 | Email attachment | 134 | 3/14/18 | †Marquardt, Patrick | *Ringer, Steven | *Picard, Mark; †Kokal, Trevor | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 138 | Email attachment | 137 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 139 | Email attachment | 134 | 10/4/17 | †Marquardt, Patrick | *Picard, Mark; *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 140 | Email attachment | 139 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 141 | Email attachment | 134 | 5/4/17 | †Marquardt, Patrick | *Picard, Mark; *Ringer, Steven; †Kokal, Trevor | | Confidential communication concerning review of trading activity in connection with CFTC DOE investigation for the purpose of DOE providing advice of counsel to Commission | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |

B-16

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 142 | Email attachment | 141 | | | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Attorney Client Privilege; Work Product Protection; Deliberative Process Privilege |
| 143 | Edoc | | | Bessembinder, Hendrik | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 144 | Edoc | | | Bessembinder, Hendrik | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 145 | Edoc | | 12/14/17 | †Marquardt, Patrick | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 146 | Edoc | | | †Marquardt, Patrick | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 147 | Edoc | | | Bessembinder, Hendrik | | | Trade analysis prepared at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 148 | Handwritten notes | | 1/31/18 | *Ringer, Steven | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 149 | Handwritten notes | | 1/4/18 | *Ringer, Steven | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 150 | Handwritten notes | | 1/18/18 | *Ringer, Steven | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 151 | Handwritten notes | | | *Ringer, Steven | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 152 | Handwritten notes | | | *Ringer, Steven | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 153 | Handwritten notes | | 5/29/18 | *Ringer, Steven | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 154 | Handwritten notes | | 2/1/18 | †Kokal, Trevor | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 155 | Handwritten notes | | 1/31/18 | †Kokal, Trevor | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 156 | Handwritten notes | | 10/12/17 | †Kokal, Trevor | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 157 | Handwritten notes | | Jul-17 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 158 | Handwritten notes | | 1/18/18 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 159 | Handwritten notes | | 1/30/18 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 160 | Handwritten notes | | 1/4/18 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 161 | Handwritten notes | | 1/9/18 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 162 | Handwritten notes | | 10/12/17 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 163 | Handwritten notes | | 10/5/17 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |

B-18

**PRIVILEGE LOG**

| Doc No | Type | Parent | Date | From/Author | To | CC | Subject Matter | Basis for Privilege |
|---|---|---|---|---|---|---|---|---|
| 164 | Handwritten notes | | 12/14/17 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 165 | Handwritten notes | | 12/8/17 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 166 | Handwritten notes | | 2/1/18 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 167 | Handwritten notes | | 2/1/18 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |
| 168 | Handwritten notes | | 8/2/17 | *Picard, Mark | | | Notes reflecting analysis prepared by or at the direction of counsel in connection with CFTC DOE review of trading activity | Work Product Protection; Deliberative Process Privilege |

B-19

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　v.<br><br>GREGG SMITH, MICHAEL NOWAK, JEFFREY RUFFO, and CHRISTOPHER JORDAN,<br><br>　　　　　　　　Defendants. | No. 19 CR 669 (EEC) |

**DECLARATION OF JAMES MCDONALD PURSUANT TO 28 U.S.C. § 1746**

I, James McDonald, declare under penalty of perjury as follows:

1.　　　I am the Director of the Division of Enforcement of the Commodity Futures Trading Commission ("Commission").  As Director, I am responsible for managing and directing civil investigations and civil enforcement actions for alleged violations of the Commodity Exchange Act and Commission regulations.  I have held that position continuously from April 10, 2017, to the present.

2.　　　I submit this Declaration in support of the Non-Party Commodity Futures Trading Commission's Motion to Quash Pretrial Rule 17 Subpoena *Duces Tecum* in the above-captioned case (the "Motion").

3.　　　On December 17, 2019, the Commission received from defendant Gregg Smith a subpoena *duces tecum* in connection with this matter (the "Subpoena").

4.　　　On January 31, 2020, the Commission delegated to me the authority to assert the governmental deliberative process privilege over each of the documents (the "Privileged

1

C-1

Documents") listed in the Commission's log of privileged documents ("Privilege Log"), a copy of which is attached to the Motion.

5. Following my personal consideration of this matter, the Commission, through its delegation to me, has determined to assert a claim of deliberative process privilege over each of the Privileged Documents.

6. I have personally reviewed each of the Privileged Documents.

7. Based on my review, I am asserting the deliberative process privilege over the Privileged Documents because they include advice, evaluations, opinions, and recommendations of Commission staff and of a consultant engaged by the Commission, Dr. Hendrik Bessembinder, which pre-date determinations of the Commission and its staff regarding any potential civil enforcement action. The Commission, through delegation to me, is of the opinion that production of the Privileged Documents would have a substantial inhibiting effect upon the fullness and frankness of written expression among the Commission and its staff and consultants, and thus would have a detrimental effect on the Commission's decision-making process.

8. Based on my review I have determined that all of the Privileged Documents, or, as applicable, all portions of the Privileged Documents responsive to the Subpoena, are (1) intra-agency documents created by members of the Commission's staff or by Dr. Bessembinder; (2) pre-decisional, because they were prepared in order to assist the Commission's staff in arriving at a specific decision; and (3) deliberative, in that the documents are related to the process by which that decision was made.

9. Specifically, I have determined that the Privileged Documents are "intra-agency" documents because each document was created by a member of the Commission's staff or Dr. Bessembinder for the Commission's internal use only, and none of the Privileged Documents

C-2

was, to my knowledge, disclosed to any person or entity outside the Commission and Dr. Bessembinder.

10.     I have determined that the Privileged Documents are "pre-decisional" because they were prepared in order to assist the Commission in arriving at a specific decision.  The decision was whether to file a civil enforcement action, institute administrative proceedings, or take other action against Smith or others in relation to unlawful trading in the precious metals futures market.

11.     I have determined that all of the Privileged Documents preceded, in temporal sequence, the Commission's filing of a civil enforcement action on September 16, 2019, against Smith and Michael Nowak.

12.     I have determined that the Privileged Documents are "deliberative," in that they were created in order to assist the Commission in the course of deciding whether to file a civil enforcement action, institute administrative proceedings, or take other action against Smith or others.

13.     Based on my review, I believe that the deliberations, analysis, commentary and opinions reflected in the Privileged Documents were part of a candid exchange of information and ideas among members of the Commission's staff and/or between staff and Dr. Bessembinder.

C-3

14.     As set forth in the Privilege Log and the Motion, the Commission is also asserting work product protection and attorney-client privilege over the Privileged Documents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  January 31, 2020

_/s/ James McDonald_
James McDonald

4

C-4